# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | |
|---|---|
| **DARRIE HINTON**, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No.: _____ |
| v. ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT FOR DAMAGES IN A CIVIL CASE

Plaintiff, Darrie Hinton ("Plaintiff") by counsel, Sweeney Law Firm, asserts this medical malpractice action against the Defendant, United States of America, and for his Complaint alleges and says as follows:

### PARTIES

1. Darrie Hinton is a citizen of Fort Wayne, Indiana.

2. The Defendant is the United States of America. At all times relevant hereto, the United States acted through its agency, the Department of Veterans Affairs ("VA"), its subdivision, the Veterans Health Administration ("VHA"), and the employees of those agencies.

3. At all times relevant hereto, the Defendant employed a podiatrist, Dr. Bradley R. Hammersley ("Dr. Hammersley"), to provide podiatric medical care and treatment at the Veterans Administration Northern Indiana Health Care System ("VANIHCS") in Fort Wayne, Indiana and Marion, Indiana.

4. At all times relevant hereto, Dr. Hammersley was acting within the scope and course of his employment with the Defendant.

1

**JURISDICTION AND VENUE**

5. Because the United States is the Defendant in this case, this Court has jurisdiction under 28 U.S.C. §1346.

6. The United States has waived its sovereign immunity pursuant to 5 U.S.C. §702.

7. At all times relevant hereto, Dr. Hammersley was acting within the scope and course of his employment with the Defendant and was an "employee of the government" as defined by 28 U.S.C. §2671.

8. Because Dr. Hammersley was acting within the scope and course of his employment as an "employee of the government" at all times relevant hereto, the Defendant is not entitled to the "Independent Contractor Exception," pursuant to *Edison v. United States*, 822 F.3d 510, 2016.

9. Because Dr. Hammersley was an "employee of the government" at all times relevant hereto, the Defendant is not entitled to dismissal for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

10. Pursuant to 28 U.S.C. §1391(e)(1), venue is proper within the Northern District of Indiana Fort Wayne Division because the events or omissions giving rise to this action occurred in this District.

11. Plaintiff has exhausted his administrative remedies pursuant to 28 U.S.C. §2675(a).

12. Pursuant to 28 U.S.C. §2675(a), Plaintiff submitted a Standard Form 95 ("SF95") to the Veterans Administration on January 16, 2020 detailing his claim against the Defendant.

13. On October 28, 2020, the VA sent Plaintiff a letter indicating that his claim was denied because the "tort claim is barred unless it is presented within two (2) years after the claim

accrues, as provided in section 2401(b), title 28, United States Code" and citing the Independent Contractor Exception.

14. Pursuant to 28 U.S.C. §2401(b), Plaintiff files this action "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

15. Plaintiff could not have learned that the acts and/or omissions by Dr. Hammersley were malpractice prior to March 18, 2019.

16. Plaintiff last saw Dr. Hammersley on November 16, 2012.

17. On March 18, 2019, Plaintiff saw the VA podiatrist, Fai Wong. Dr. Wong implied to Plaintiff that Dr. Hammersley had committed malpractice.

18. No other medical provider stated or implied to Plaintiff that Dr. Hammersley may have committed malpractice prior to Dr. Wong doing so on March 18, 2019.

19. All conditions precedent to the filing of this action have occurred, been waived, or have otherwise been satisfied.

## STATEMENT OF CLAIM

20. Plaintiff presented to VA podiatrist, Karen Sloane on April 10, 2010 for "severe pain in ankle & medial feet." Dr. Sloane recommended an AZ brace and a referral to VA Staff Podiatrist Wing Sue Shiu for a surgical option.

21. Plaintiff presented to Dr. Hammersley at the VA clinic in Marion, IN on January 6, 2012. Dr. Hammersley diagnosed osteoarthritis in both feet and recommended "surgery within the next 30 days" beginning with a triple arthrodesis of the right foot.

22. Plaintiff returned to the Marion VA to see Dr. Hammersley on March 2, 2012. Dr. Hammersley documented that Dr. Ogbogu cleared Plaintiff for surgery and that he would ask Dr. Shiu to approve an offsite surgery.

23. Dr. Shiu, the Staff Podiatrist at the VA Medical Center approved Dr. Hammersley to perform a right foot triple arthrodesis surgery at a location other than the VA.

24. On March 15, 2012, Plaintiff presented to St. Joseph Medical Center in Fort Wayne, IN to have Dr. Hammersley perform the right foot triple arthrodesis, which was approved by Dr. Shiu.

25. Dr. Hammersley breached the standard of care by recommending the right foot triple arthrodesis surgery as this was the incorrect surgery and there was a low likelihood of success with this particular surgery.

26. Plaintiff makes no claim against Dr. Hammersley for the way he performed the surgery at St. Joseph Medical Center in Fort Wayne, IN. Plaintiff's claim is that Dr. Hammersley should have never recommended this specific surgery and Dr. Shiu should not have approved it.

27. Plaintiff followed up with Dr. Hammersley for the right foot surgery at the Marion VA on March 30, 2012, April 6, 2012, April 20, 2012, May 18, 2012, June 15, 2012, and July 13, 2012.

28. Dr. Hammersley breached the standard of care in his post-operative management after Plaintiff's right foot surgery.

29. Between November 16, 2012 and March 18, 2019, Plaintiff followed up as recommended with VA and non-VA providers for ongoing pain in both feet and legs.

30. On March 18, 2019, Plaintiff presented to Dr. Fai Wong at the Marion VA. At that visit, Dr. Wong informed Plaintiff that there appeared to be a nonunion of the joints operated on by Dr. Hammersley. This was the first time Plaintiff had been told this information.

31. On April 19, 2012, Plaintiff returned to Dr. Wong at the Marion VA. Dr. Wong recommended to Plaintiff that he either have a revision of the right foot surgery or a below-the-knee amputation ("BKA") of the right leg.

32. Due to the ongoing pain and the low likelihood of successful revision of the foot surgery, Plaintiff elected to have a right BKA.

33. On October 3, 2019, Plaintiff underwent right BKA.

34. As a direct and proximate result of Dr. Hammersley's negligence, Plaintiff suffered serious and permanent harm including unnecessary surgery, chronic right ankle and foot pain and right below-the-knee amputations.

35. As a further direct and proximate result of Dr. Hammersley's negligence and unnecessary surgery, the quality of Plaintiff's life has been significantly diminished. The Plaintiff began experiencing profound feelings/emotions of betrayal when he learned that Dr. Hammersley's care was inappropriate.

36. Plaintiff is seeking the applicable elements/categories of damages set forth in Indiana Model Civil Jury Instructions ("IMCJI") 703.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against the Defendant and respectfully requests compensatory damages that are commensurate with the harm suffered by Plaintiff and for all losses, injuries and damages, including the costs of this action and for all other just and proper relief in these premises.

Pursuant to 28 U.S.C. §2675(b), Plaintiff seeks damages equal to the amount that Plaintiff presented to the VA in his SF95's. If any newly discovered evidence not reasonably discoverable at that time of the filing of the SF95's is discovered, Plaintiff reserves the right to claim damages in excess of the damages sought in the SF95's.

**CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contention have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully submitted this 15th day of April 2021,

"/s/" David L. Farnbauch
David L. Farnbauch (#11187-45)
SWEENEY LAW FIRM
8019-B Lima Road
Fort Wayne, IN 46818
(260) 420-3137
Email: dlf@sweeneylawfirm.com


"/s/" Nicholas L. King
Nicholas L. King (#30709-49)
COWAN & KING, LLP
P.O. Box 90379
Indianapolis, IN 46290
(317) 246-8784
Email: nlk@cowanandking.com